## ULLMANN *v.* HEDDEN.

*(Circuit Court, S. D. New York. February 18, 1889.)*

1. CUSTOMS DUTIES—STATUTES—CONSTRUCTION.
    The word "cloth" in the provision for "cotton cloth" in Schedule I of the tariff act of March 3, 1883, is used in its popular and common acceptation, and not in a commercial sense. Following *Maillard* v. *Lawrence,* 16 How. 251; *Greenleaf* v. *Goodrich,* 101 U. S. 278.

2. SAME—PROPERTY SUBJECT TO.
    A woven fabric made of cotton is dutiable under a provision in the tariff act for "cotton cloth," notwithstanding it is not known among merchants and dealers as "cotton cloth."

3. SAME.
    Embroidery canvas (called in trade "Penelope") made of cotton, and containing less than 100 threads to the square inch, is dutiable at 4½ cents per square yard, under the provision in Schedule I of the tariff act of March 3, 1883, for "all cotton cloth, colored, not exceeding 100 threads to the square inch;" and not at 35 per centum *ad valorem,* under the provision in the same act and schedule for "all manufactures of cotton not specially enumerated or provided for."

4. SAME.
    Cotton canvas, embroidered with worsted, valued at over 80 cents per pound, is properly dutiable at 35 cents per pound and 40 per centum *ad valorem,* under the provision in Schedule K of the tariff act of March 3, 1883, for "all manufactures of every description composed wholly or in part of worsted, not specially enumerated or provided for," and not at 35 per centum *ad valorem,* under the provision in Schedule I of the same act, for "all manufactures of cotton not specially enumerated or provided for." *Kohlsaat* v. *Murphy,* 96 U. S. 153, distinguished.

At Law. On motion for direction of verdict.

This was an action to recover duties alleged to have been exacted in excess of the lawful rate upon certain cotton canvas, (known in trade as "Penelope,") and upon the same article when embroidered with worsted in sizes and patterns suitable for slippers, shoe-bags, and traveling-bags. The canvas was an open cotton fabric, colored, and containing less than 100 threads to the square inch. Upon the non-embroidered canvas the collector had exacted a duty of 4½ cents per square yard, under the provision in Schedule I of the tariff act of March 3, 1883, for "cotton cloth, colored, not exceeding 100 threads to the square inch." Upon the embroidered canvas the collector had exacted duty at the rate of 35 cents per pound and 40 per centum *ad valorem*, under the provision in Schedule K of the same act, for "all manufactures of every description composed wholly or in part of worsted, not specially enumerated or provided for, valued at over 80 cents per pound." The importer claimed that all the articles were properly dutiable at 35 per centum *ad valorem*, under the provision in Schedule I of the same act for "all manufactures of cotton not specially enumerated or provided for." Evidence was introduced on behalf of plaintiff to the effect that "cotton canvas" was not known in trade and commerce at the time of the passage of the existing tariff act as "cotton cloth." Defendant's counsel read in evidence the following definitions from Webster's Dictionary: "Cloth: A woven fabric, of fibrous material, used for garments or other purposes." "Canvas: A clear, unbleached cloth, wove regularly in little squares, used for working tapestry with the needle."

*Stephen G. Clarke* and *Charles Curie*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally*.) If, as to the goods which are embroidered, there were nothing at all before us except the act of 1883, they would seem to come fairly within the designation therein of a manufacture of some description composed in part of worsted. Paragraph 363. To take them out of that plain designation would require some authority which would speak with no uncertain sound. I have given such examination as I can to this *Kohlsaat Case*, which is not altogether plain on first reading,—a circumstance due to the great number of resolutions and acts which are discussed in it. In that decision, however, it does not seem that the court's attention was at all called to any contrast or distinction between the two sections which are here supposed to be in conflict. The decision, therefore, is not of such a controlling character on the question now raised that it should influence the decision of the court in interpreting the plain language of paragraph 363. As to the other goods—the plain canvas. Under the definitions which have been read from the dictionary, this is a cloth, and, unless usages of trade and commerce are to be accepted as controlling in this particular case, it should be here considered as a cloth. Under the decision of the supreme court in *Maillard* v. *Lawrence*, 16 How. 251, and *Greenleaf* v. *Goodrich*, 101 U. S. 278, I do not see that we are authorized to consider the trade

definition of that particular term here. The word is used in connection with other words which seem to indicate that it is used in its ordinary sense; and, if it is used in its ordinary sense, it plainly covers the articles now before us. Verdict directed for defendant.